UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSVALDO GOIS,

        Petitioner,

vs.                                         Case No. 3:11-cv-744-J-12JBT

ERIC HOLDER,
etc.; et al.,
        Respondents.
_____

### ORDER

Petitioner Gois initiated this action by filing a Pro Se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2241 on July 27, 2011. Additionally, in support of his Petition, he submitted exhibits (Pet. Ex.), attached to the Petition. Petitioner contends that he has been unlawfully detained by United States Immigration and Customs Enforcement (ICE) at the Baker County Detention Center while awaiting the execution of his April 13, 2011 removal order, which he asserts became final on April 25, 2011. See Petition at 3, 4. Petitioner alleges that ICE arrested him on October 19, 2010, and that he entered immigration custody that same day.[1] Id. at 3-4, 6.

---

[1] Pursuant to 8 U.S.C. § 1231(a)(1)(B)(i-iii), the removal period begins on the latest of the following occurrences: (1) the date the removal order becomes administratively final; (2) if the order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. Here, according to Petitioner's assertions, his post-removal order detention in ICE custody is less than six months. See Petition at 4.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the United States Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. This does not mean that every alien detained longer than six months must be released. Id. On the contrary, the Court explicitly stated that the six-month period is only a "bright line" by which the detainee should reasonably be able to be removed. Id. The Supreme Court stated that it recognized the six-month period "for the sake of uniform administration in the federal courts." Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002) (per curiam).

"The reasonable period of post-removal detention is presumptively six months for both admitted and inadmissible aliens[.]" Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005). After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient

to rebut that showing. <u>Akinwale</u>, 287 F.3d at 1051. Thus, it is clear that "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Akinwale</u>, 287 F.3d at 1052.

> In <u>Akinwale</u>, the Eleventh Circuit determined that the six-month detention period recognized by the Supreme Court "must have expired" at the time a petitioner's § 2241 petition is filed "in order to state a claim under <u>Zadvydas</u>." 287 F.3d at 1052; <u>see also Fahim v. Ashcroft</u>, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) ("A six-month custodial period of time following the order of removal must have elapsed prior to the filing of a habeas petition challenging confinement under <u>Zadvydas</u>.").

<u>Maraj v. Dep't of Homeland Security</u>, No. CA 06-0580-CG-C, 2007 WL 748657, at *3 (S.D. Ala. Mar. 7, 2007) (not reported in F.Supp.2d).

The six-month time frame, as set forth in <u>Zadvydas</u> and <u>Akinwale</u>, has not expired.[2] <u>See Galloway v. Dep't of Homeland Security</u>, No. 8:09-cv-664-T-33TGW, 2009 WL 1587110, at *2 (M.D. Fla. June 5, 2009) (not reported in F.Supp.2d) (recognizing that the alien must not only show post-removal order detention in excess

---

[2] In fact, based on Petitioner's exhibit, the removal order is not yet final, and therefore, the applicable six-month time frame has not yet begun. <u>See</u> Pet. Ex., Notice Relating to his Appeal of the Removal Order, dated July 13, 2011. Petitioner has been granted an extension of time until August 23, 2011, to file a brief or statement in support of his appeal of the removal order. <u>Id</u>.

3

of six months, but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future). Thus, since Petitioner Gois has not shown post-removal-order detention in excess of six months at the time of the filing of his Petition in this Court, the Petition is due to be dismissed as prematurely filed.

Moreover, any claims concerning the alleged substandard conditions of confinement should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. Furthermore, Plaintiff must exhaust his administrative grievance remedies with regard to his civil rights claims. The Clerk of Court will be directed to send Petitioner the proper forms for his use if he elects to pursue a civil rights action.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** without prejudice as prematurely filed.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Petitioner. If Petitioner elects to refile his civil rights claims, he may complete and submit the proper forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number if Petitioner elects to refile his civil rights claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of August, 2011.

_Howell W. Melton_
UNITED STATES DISTRICT JUDGE

sc 8/2
c:
Osvaldo Gois

5